FILED
2026 Sep-03 PM 03:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

**HORAYSHIO FLETCHER,**
Petitioner,

**v.**

**LT. VINCENT BROWN, *et al.*,**
Respondent.

**Case No. 2:25-cv-264-CLM-GMB**

# MEMORANDUM OPINION AND ORDER

Plaintiff Horayshio Fletcher has filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants Lieutenant Vincent Brown and Officer Richardson violated his rights under the Constitution or laws of the United States. (Doc. 1). The magistrate judge has entered a report recommending that the court treat Defendants' special report as a motion for summary judgment and grant the motion on Fletcher's claims for injunctive relief and deliberate indifference to medical needs. (Doc. 48). The magistrate judge recommends that the court deny summary judgment on Fletcher's claims for (1) excessive force against Lieutenant Brown after Fletcher left his cell in the A-Dorm; (2) excessive force against Lieutenant Brown while Fletcher was handcuffed; and (3) excessive force against Officer Richardson while Fletcher was handcuffed. (*See id.*).

Fletcher has filed two separate objections to the report and recommendation. (Docs. 50, 52). First, Fletcher objects to the magistrate judge's statement in the report that "[Fletcher] maintains that [h]e did not refuse Brown's commands." (Doc. 50, p. 1; *see also* Doc. 48, p. 9). According to Fletcher, Lieutenant Brown "didn't give any commands . . . he just said he's gone 'beat my ass' and struck me (x5) [t]imes in the face." (Doc. 50, p. 1). The magistrate judge correctly summarized the evidence in a light most favorable to Fletcher, stating that Lieutenant Brown "pulled Fletcher out of the dorm," "told Fletcher he was about to 'beat [his] ass[,]" and punched Fletcher "in the

face five times." (Doc. 48, p. 4). Thus, Fletcher has shown no error, and the court **OVERRULES** this objection.[1]

Fletcher next objects to the magistrate judge's recommendation that the court grant summary judgment on his deliberate indifference to serious medical needs claim. (Doc. 51, p. 1). In support of this claim, Fletcher argues that when he "got transferred to Donaldson back in March 2024," he "told a [n]urse about my pain and how it happen[ed] to me at pill call. But for whatever reason she did not give [Fletcher] a sick call." (*Id.*).

The magistrate judge correctly explained that to satisfy the first prong of a deliberate indifference to medical needs claim, Fletcher must show a "serious medical need" that creates a "substantial risk of harm." (*See* Doc. 48, pp. 11–12 (citing *Hinson v. Bias*, 927 F.3d 1103, 1122 (11th Cir. 2019)). While Fletcher blames the nurse at Donaldson for not giving him a sick call, Fletcher has not shown that he sought treatment beyond this single conversation with the nurse or that his injuries were otherwise sufficiently serious to state a deliberate indifference to medical needs claim. As the magistrate judge correctly pointed out, a serious medical need is an injury "diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the need for medical treatment," *Burnette v. Taylor*, 533 F.3d 1325, 1330 (11th Cir. 2008), or an injury or condition that without treatment created a "substantial risk of serious harm," *Hinson*, 927 F.3d at 1122. And nothing in the record establishes that Fletcher "had a serious need that required medical attention." *See id.* So the court **OVERRULES** Fletcher's objection to the magistrate judge's recommendation that the court grant Lieutenant Brown and Officer Richardson summary judgment on Fletcher's deliberate indifference to medical needs claim.

[1] In his second set of objections, Fletcher also objects to Defendants' failure to produce a video of what happened in B-dorm, arguing Defendants "don't want [the video] to come out" because it shows that "they did attack me." (Doc. 52, p. 1). As the magistrate judge explained, Alabama Department of Corrections officials maintain that "no video surveillance records were found regarding the incident that took place on March 11, 2024." (Doc. 48, p. 1 n.1 (citing Docs 25-1 and 25-2)). So the magistrate judge correctly determined that the parties dispute whether this video exists, and that viewing the evidence in the light most favorable to Fletcher, any video would show that Defendants unlawfully attacked Fletcher in violation of his constitutional rights.

Having considered the record and Fletcher's objections, the court **ADOPTS** the magistrate judge's report and **ACCEPTS** his recommendation. Consistent with that recommendation, the court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion for summary judgment (doc. 40). The court **WILL ENTER SUMMARY JUDGMENT** for Lieutenant Brown and Officer Richardson on Fletcher's claim for deliberate indifference to medical needs.

The court **DENIES** Defendants' motion for summary judgment on Fletcher's claims of excessive force against Lieutenant Brown after Fletcher left his cell in the A-Dorm; excessive force against Lieutenant Brown while Fletcher was handcuffed; and excessive force against Officer Richardson while Fletcher was handcuffed.

The court **DENIES** Fletcher's motions for writ of mandamus (docs. 42 & 45) and motions for deposition (docs. 43 & 46) with leave to refile. The court also **DENIES** Fletcher's motion for appointment of counsel (doc. 51) with leave to refile. *See Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999) ("A plaintiff in a civil case has no constitutional right to counsel." And a district court "should appoint counsel only in exceptional circumstances.").

The court **REFERS** this case to the magistrate judge for further proceedings on Fletcher's excessive force claims.

The court will enter a separate partial judgment on Fletcher's deliberate indifference to medical needs claims.

The court **DIRECTS** the Clerk of Court to send a copy of this memorandum opinion and order to Fletcher at his address of record.

**DONE** and **ORDERED** on September 3, 2026.

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE